IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD TAYLOR, | ) | CASE NO. 1:20-cv-00388 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN KIETH FOLEY, | ) | |
| | ) | **INTERIM** |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

On February 17, 2020, pro se Petitioner Edward Taylor filed a Petition for Writ of Habeas Corpus ("Petition").[1] Doc. 1. In his Petition, Taylor indicated that he had an appeal pending in state court regarding the judgment being challenged in his Petition. Doc. 1, p. 14. Subsequently, on March 23, 2020, Taylor filed a Motion for Stay and Abeyance. Doc. 5. In his motion, Taylor seeks an order staying his mixed petition to allow him to exhaust issues that have not yet been exhausted in state court. Doc. 5. On March 25, 2020, Respondent filed a response, indicating that, while he does not intend to waive any procedural defenses he may assert in his Answer, including exhaustion or procedural default, he does not oppose Taylor's motion for stay and abeyance. Doc. 6. As explained herein, the undersigned recommends that the Court GRANT Taylor's Motion for Stay and Abeyance (Doc. 5).

Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court has discretion to stay a mixed petition, i.e., a petition containing exhausted and unexhausted claims. Stay and abeyance is appropriate in limited instances such as "when the district court determines there was good

---

[1] Taylor's Petition was docketed in this Court on February 20, 2020. Doc. 1. Taylor states that he placed his Petition in the prison mailing system on February 17, 2020. Doc. 1, p. 17. "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)).

1

cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* at 277. "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay[.]" *Id.* at 278.

In his response, Respondent states that:

> Respondent's preliminary review of Taylor's procedural history reveals that he was re-sentenced in 2019 and his appellate proceedings of his re-sentencing remain pending in the Ohio courts. At least some of his instant habeas grounds involve claims regarding his 2019 re-sentencing. Taylor filed the instant petition purporting to preserve his timely AEDPA filing date. (Doc 5).

Doc. 6, p. 2.

With Taylor currently litigating his 2019 re-sentencing, Respondent states that he does not object to waiting until Taylor has fully exhausted his state court remedies regarding those claims. Doc. 6, p. 3. Respondent notes, however, that he may wish to rely upon the state court's determination of any procedural and/or state law defenses in this case. Doc. 6, p. 3. While Respondent contends that Taylor's claims are without merit, Respondent observes that even meritless claims should be reviewed by the state courts first. Doc. 6, p. 3.

Considering the foregoing, the undersigned recommends that the Court GRANT Taylor's Motion for Stay and Abeyance (Doc. 5). The undersigned recommends that the stay be conditioned on Taylor's filing a motion to reinstate or dismiss his Petition in this Court within thirty (30) days after exhausting his state court remedies. If and when Taylor's case is reinstated, a new briefing order will be issued.

Dated: March 26, 2020

                                              */s/ Kathleen B. Burke*
                                              Kathleen B. Burke
                                              United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).